UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY ZAMORA,

                Plaintiff

v.

JAMES DZURENDA, *et al.*,

                Defendants

Case No. 3:18-cv-00483-MMD-CBC

ORDER

This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On October 16, 2018, this Court issued an order denying the application to proceed *in forma pauperis*, without prejudice, because the application was incomplete. (ECF No. 3 at 1-2.) Specifically, Plaintiff did not file an inmate account statement.[1] (*Id.* at 1.) On November 2, 2018, Plaintiff filed another incomplete application. (ECF No. 4.) On November 7, 2018, the Court ordered Plaintiff to file an inmate account statement or pay the full filing fee of $400.00 within 30 days from the date of that order. (ECF No. 5 at 2.) The Court noted that it would give Plaintiff "one final opportunity to cure the deficiencies of his application to proceed *in forma pauperis* by filing an inmate account statement" or it would dismiss the case, without prejudice, for Plaintiff to file a new case when he acquired the necessary documents. (*Id.* at 1-2.) The 30-day period has now expired, and Plaintiff once again has failed to submit an inmate account statement. (*See* ECF No. 6.)

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

---

[1] An inmate account statement is a document from prison officials which provides accounting for Plaintiff's inmate trust account for the past 6 months. (*See* ECF No. 3-2 at 1; ECF No. 5-1 at 1.)

local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an inmate account statement or pay the full filing fee within 30 days expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff fails to timely file an inmate account statement, the Court will dismiss the case, without prejudice, for Plaintiff to file a new case when he is able to acquire the necessary

documents to file a complete application to proceed *in forma pauperis*." (ECF No. 5 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an inmate account statement or pay the full filing fee within 30 days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an inmate account statement or pay the full filing fee in compliance with this Court's November 6, 2018, order.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

It is further ordered that the Clerk of the Court send Plaintiff a copy of his complaint (ECF No. 1-1) and the approved form application to proceed *in forma pauperis* by a prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application. Plaintiff may file a new case when he has the documents necessary to file a fully complete application to proceed *in forma pauperis*. Plaintiff may not file anymore documents in this closed case.

It is further ordered that the Clerk of Court close the case and enter judgment accordingly.

DATED THIS 12th day of December 2018.

　　　　　　　　　　　　　　　　　　　　　　
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE